EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SPS Technologies, LLC, dba Air Industries Company, a Pennyslvania
limited liability company; and, Does 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Albert Wilcox, on behalf of himself and all others similarly situated

<div style="border:1px solid">

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/21/2016** at 01:00:00 PM

Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br>Civic Complex Center<br>751 W. Santa Ana Blvd., Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br>30-2016-00859043-CU-OE-CXC |
|---|---|

Judge Kim G. Dunning

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sam Kim, Esq., Verum Law Group, APC 841 Apollo St, 340, El Segundo. CA 90245

ALAN CARLSON, Clerk of the Court

| DATE: 06/21/2016<br>*(Fecha)* | Clerk, by<br>*(Secretario)* _Sloose_ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Sarah Loose

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SPS TECHNOLOGIES, LLC

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

         ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7/20/16

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Ex. A - 2

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/20/2016** at 04:49:05 PM

Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

1  Yoonis Han [SBN 256151]
   Sam Kim [SBN 258467]
2  **VERUM LAW GROUP, APC**
3  841 Apollo Street, Suite 340
   El Segundo, California 90245
4  Tel:  (424) 320-2000
   Fax: (424) 221-5010
5  yhan@verumlg.com

6  Attorneys for Plaintiff ALBERT WILCOX, and
7  all others similarly situated

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF ORANGE**

10  ALBERT WILCOX, on behalf of himself and all      CASE NO. 30-2016-00859043-CU-OE-CXC
11  others similarly situated,                       Unlimited Civil       Judge Kim G. Dunning
                                                      CX-104
12           Plaintiffs,                              **CLASS ACTION COMPLAINT**
13       vs.
                                                      1.  **FAILURE TO PAY ALL WAGES**
14  SPS TECHNOLOGIES, LLC, dba AIR                   2.  **FAILURE TO PROVIDE MEAL**
    INDUSTRIES COMPANY, a Pennsylvania                   **PERIODS OR COMPENSATION IN**
15  limited liability company; and, DOES 1 through       **LIEU OF**
    100, inclusive,                                  3.  **FAILURE TO PROVIDE REST**
16                                                       **BREAKS OR COMPENSATION IN**
17           Defendants.                                 **LIEU OF**
                                                      4.  **FAILURE TO PROVIDE ACCURATE**
18                                                       **ITEMIZED WAGE STATEMENTS**
                                                      5.  **WAITING TIME PENALTIES**
19                                                    6.  **VIOLATIONS OF THE UNFAIR**
                                                          **COMPETITION LAW**
20
                                                      **DEMAND FOR JURY TRIAL**
21

22

23       Plaintiff ALBERT WILCOX (hereinafter "Plaintiff"), on behalf of himself and all others

24  similarly situated, brings this action against defendant SPS TECHNOLOGIES, LLC dba AIR

25  INDUSTRIES COMPANY, and DOES 1-100 (collectively "Defendants"), and alleges on

26  information and belief, except those allegations relating to Plaintiff himself, which are asserted on

27  personal knowledge as follows:

28  ///

                                                    1
                                   **CLASS ACTION COMPLAINT**

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Code of Civil Procedure §410.10 as Defendants do business in the State of California and have employed Plaintiff and each member of the putative class in the State of California and all of the unlawful conduct alleged herein occurred in the State of California.

2. The California Superior Court has jurisdiction in the matter because Plaintiff's individual claims are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for federal court, Plaintiff and Plaintiff Class' aggregate claims are under the five million dollar ($5,000,000.00) jurisdictional threshold for federal court and, upon information and belief, Plaintiff and each defendant are residents of and/or domiciled in the State of California. Further, there is no federal question at issue as the issues herein are based solely on California statutes and laws including the California Labor Code, Industrial Welfare Commission Wage Orders, Code of Civil Procedure, Rule of Court, and Business and Professions Code.

3. Venue is proper in this Court because Plaintiff, at all relevant times, was employed at a place of business located within the County of Orange.

4. Venue as to each defendant is proper in this judicial district pursuant to Code of Civil Procedure §395. Defendants operate and do business within the State of California, including Orange County, and each defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and each of the similarly-situated members of the putative class within the State of California ("Plaintiff Class"). Defendants employ numerous members of the Plaintiff Class within the State of California, including Orange County, California.

5. Plaintiff is informed, believes, and thereon alleges that Defendants are the only primary defendants in this action and, at all times pertinent hereto, were and are citizens of the forum state of California.

6. Plaintiff is informed, believes, and thereon alleges that Defendants' conduct, as alleged herein, forms a significant basis for the claims asserted by Plaintiff and his fellow members of the Plaintiff Class in this action.

7.      Plaintiff is informed, believes, and thereon alleges that Plaintiff and his fellow members of the Plaintiff Class are seeking significant relief from Defendants.

8.      Plaintiff is informed, believes, and thereon alleges that the principal injuries sustained by Plaintiff and his fellow members of the Plaintiff Class, as alleges herein, resulted from the conduct of Defendants, and were incurred in the forum state - California.

9.      Plaintiff is informed, believes, and thereon alleges that the claims asserted in this action do not involve matters of national or interstate interest; rather, this Class Action involves a local controversy of the forum state - California.

10.      Plaintiff is informed, believes, and thereon alleges that the claims asserted is this action will be governed exclusively by the laws of the forum state - California – the state in which this action is originally filed.

11.      Plaintiff is informed, believes, and thereon alleges that this action is brought in the County of Orange Superior Court for the State of California as said forum has a distinct nexus with Plaintiff and his fellow members of the Plaintiff Class, the harm alleged, as well as Defendants.

12.      Plaintiff is informed, believes and thereon alleges that, at all times mentioned herein, the number of citizens from the forum state of California, the state in which the action was originally filed, comprising the proposed Plaintiff Class in the aggregate is substantially larger than the number of citizens from any other state, and the citizenship of the other members of the Plaintiff Class is dispersed among a substantial number of states.

13.      Plaintiff is informed, believes and thereon alleges that, at all times mentioned herein, the claims alleged in this action, and the causes of action derived therefrom, do not involve a federal question(s).

## II.      **INTRODUCTION**

14.      This is a Class Action, pursuant to Code of Civil Procedure §382, on behalf of Plaintiff and other similarly-situated members of the Plaintiff Class employed by or formerly employed by Defendants within the State of California.

15.      For at least four years prior to the filing of this action and through to the present, Defendants have had a consistent policy of failing to: pay all wages, including minimum wages,

1   regular and overtime wages, provide meal and rest breaks, pay wages of terminated or resigned

2   employees, comply with the itemized wage statement provisions, in violation of California wage and

3   hour laws, provide valid written notice compliant with Labor Code §2810.5, and violating the Unfair

4   Competition law under Business & Professions Code § 17200 et seq.

5       16.   Plaintiff, on behalf of himself and all members of the Plaintiff Class, brings this

6   action pursuant to, including but not limited to, Labor Code §§200, 201, 202, 203, 204, 226, 226.7,

7   510, 512, 1194, and applicable Wage Orders, seeking unpaid overtime wages and/or proper

8   calculation of the overtime rate, meal and rest period premiums, penalties, and reasonable attorneys'

9   fees and costs.

10      17.   Plaintiff, on behalf of himself and all members of the Plaintiff Class, pursuant to

11   Business & Professions Code §§17200 and 17208, also seeks restitution of unpaid wages and

12   reimbursements.

13              **III.   THE PARTIES**

14      18.   Plaintiff ALBERT WILCOX resides in the County of Orange in the State of

15   California. Plaintiff was employed by Defendants as a "production line" employee and performed

16   duties including but not limited to manufacturing bolts for airplanes, between approximately 2010 to

17   approximately 2015.

18      19.   Defendant SPS TECHNOLOGIES, LLC dba AIR INDUSTRIES COMPANY

19   ("AIC") is a Pennsylvania limited liability company, with its principal place of business in Orange

20   County, California, that is an established industry leader in manufacturing high-strength precision

21   fasteners for aerospace and defense prime contractors.

22      20.   DOES 1 through 100, inclusive, are persons or entities whose true names and

23   identities are now unknown to Plaintiff, and who therefore are sued by such fictitious names under

24   Code of Civil Procedure §474. Plaintiff will amend this complaint to allege their true names and

25   capacities once ascertained. Plaintiff is informed and believes that each of the fictitiously-named

26   Doe defendants, including any such defendants that may be the agents, representatives, or parents or

27   subsidiary corporations of the named Defendants, is responsible in some manner for the occurrences,

28   events, transactions, and injuries alleged herein and that the harm suffered by Plaintiff and Plaintiff

1   Class were proximately caused by them in addition to Defendants.

2      21.   Plaintiff is informed and believes and thereon alleges that each defendant, including

3   the Doe defendants, acted in concert with each and every other defendant, intended to and did

4   participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate

5   cause of damage and injury thereby to Plaintiff and Plaintiff Class as alleged herein.

6      22.   At all times herein mentioned, each defendant was the agent or employee of each of

7   the other Defendants and was acting within the course and scope of such agency or employment.

8      23.   Plaintiff is informed and believes that Defendants are joint employers in that they are

9   and were operating as a joint enterprise and/or single enterprise of AIC located at 12570 Knott

10   Street, Garden Grove, CA 92841, and as the employer of Plaintiff and Plaintiff Class.

11      24.   Plaintiff is informed and believes, and based thereon alleges, that each defendant

12   acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint

13   scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are

14   legally attributable to the other Defendants.

15      25.   Plaintiff is informed and believes, and based thereon alleges, that Defendants are

16   now, and/or at all times mentioned in this Complaint were the agents, servants, franchisers,

17   franchisees, representatives, owners, partners, shareholders, and/or employees of some or all other

18   Defendants, and vice-versa, and in doing the things alleged in this Complaint and that Defendants

19   are now and/or at all times mentioned in this Complaint were acting within the course and scope of

20   that agency, servitude, retention and/or employment.

21      26.   On information and belief, Defendants are now, and/or at all times mentioned in this

22   Complaint were the affiliates of some or all other Defendants, and vice-versa, and in doing the things

23   alleged in this Complaint, Defendants were directly or indirectly controlling, controlled by or under

24   common control with such other Defendants.

25      27.   On information and belief, Defendants at all times mentioned in this Complaint

26   approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions

27   alleged in this Complaint.

28      28.   Plaintiff is ignorant of the true names, capacities, relationships and extent of

1  participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 100,

2  inclusive, but on information and belief allege that said Defendants are legally responsible for the

3  payment of proper overtime wages, rest and meal period compensation and/or Labor Code section

4  203 penalties to the Plaintiff Class by virtue of their unlawful practices, and therefore sue these

5  Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names

6  and capacities of the DOE Defendants when ascertained.

7      29.    Plaintiff is informed and believes, and based thereon allege, that each Defendant

8  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

9  scheme, business plain or policy in all respects pertinent hereto, and the acts of each Defendant is

10  legally attributable to the other Defendant.

11              IV.    **GENERAL ALLEGATIONS**

12      30.    Plaintiff and Plaintiff Class are employees or former employees of Defendants and

13  have not been paid, during the relevant liability periods, the proper overtime wages for all hours

14  actually worked.   Plaintiff and Plaintiff Class were not paid meal period premiums for missed,

15  interrupted or late meal periods. Plaintiff and Plaintiff Class were not paid rest break premiums for

16  missed rest breaks.

17      31.    Plaintiff and Plaintiff Class, at all times pertinent hereto, were not exempt from

18  overtime wage requirements, meal and rest break requirements, or the implementing rules and

19  regulations of the applicable IWC California Wage Orders.

20      32.    At the time Plaintiff's employment ended, and the employment of other former

21  employees of Defendants ended, Defendants willfully failed to pay all the wages then owing,

22  including overtime wages then owing and meal and rest break premiums.

23      33.    Defendants have failed to comply with Labor Code §226(a) by not providing Plaintiff

24  and Plaintiff Class with itemized wage statements accurately reporting all applicable hourly rates or

25  the correct amount of regular, and/or overtime wages earned.

26      34.    Plaintiff, for example, was employed by Defendants for about six years, purportedly

27  earning $12.00 per hour. Plaintiff regularly worked 10.5 to 11 hours per day, Monday through

28  Saturday. Additionally, Plaintiff received a quarterly non-discretionary, performance based bonus,

1   which averaged about $375.00, per quarter. However, the bonus payments were not included in the

2   calculation of Plaintiff's overtime wages. Therefore, Plaintiff was routinely forced to work in excess

3   of 8 hours each shift, but was not paid his proper overtime rate as required under California law. On

4   information and belief, this was also true for the Plaintiff Class during the liability period.

5         35.    Because Defendants failed to calculate and pay proper overtime wages, neither the

6   Plaintiff nor Plaintiff Class received accurate itemized wage statements showing the proper overtime

7   hourly rates or the proper overtime wages due and owing employees.

8         36.    Finally, again because Defendants failed to properly calculate overtime rates and pay

9   proper overtime wages, Plaintiff and Plaintiff Class did not receive payment of all wages earned and

10   unpaid immediately upon termination or resignation of their employment.

11         37.    During the liability period, Defendants, and each of them enforced a company-wide

12   policy under which Plaintiff and Plaintiff Class were required to leave and return from lunch, and be

13   ready to begin work at their stations by a certain time, which cut into the employees' thirty-minute

14   meal period. Under this policy, because Plaintiff and Plaintiff Class were required to be standing,

15   ready to begin working by the end of the half-hour lunch period, Defendants failed to provide a full,

16   uninterrupted thirty-minute meal period during which the employees were relieved of all work

17   duties, as required under California law. Plaintiff and Plaintiff Class were consistently required to

18   clock back in early from lunch, before the end of their thirty-minute meal periods. When Plaintiff

19   and Plaintiff Class worked more than five hours in a day with Defendants, and were provided with a

20   meal period, the meal periods were consistently provided later than the end of the employee's fifth

21   hour of work.

22         38.    Plaintiff and Plaintiff Class were also entitled to a second meal period on days they

23   worked more than ten hours in a day, however, Defendants had a company-wide policy which failed

24   to provide a second meal period on such days.

25         39.    Additionally, Plaintiff and Plaintiff Class were consistently interrupted during the ten-

26   minute rest breaks provided by Defendants.

27         40.    Furthermore, Defendants failed and/or refused to pay Plaintiff Class one (1) hour's

28   pay at the employees' regular rate of pay as premium compensation for failure to provide full rest

1  and/or meal periods or failure to provide such rest and/or meal periods within the statutory time

2  frame, as a result of their company-wide improper meal period and rest break policies.

3      41.   Further, Business and Professions Code section 17203 provides that any person who

4  engages in unfair competition may be enjoined in any court of competent jurisdiction.  Business and

5  Professions Code section 17204 provides that any person who has suffered actual injury and has lost

6  money or property as a result of the unfair competition may bring an action in a court of competent

7  jurisdiction.

8                    V.     **CLASS ALLEGATIONS**

9      42.   Plaintiff brings this action on behalf of himself and all other similarly situated

10  persons, as a class action pursuant to California Civil Code of Procedure section 382.  Plaintiff seeks

11  to represent the class and sub-classes as follows:

12      a.  **Class:**
        All current and former California residents who work or worked for Defendants
13      as a non-exempt employee during the liability period, to be determined.

14
        b.  **Sub-Class 1: "Failure to Pay All Wages"**
15      All current and former California residents who work or worked for Defendants
        as a non-exempt employee, during the liability period, to be determined, and who
16      were not paid all wages due them, including but not limited to overtime and
        double overtime wages, as a result of Defendants' illegal bonus policy;
17

18      c.  **Sub-Class 2: "Failure to Provide Meal Periods"**
        All current and former California residents who work or worked for Defendants
19      as a non-exempt employee, during the liability period, to be determined, and who
        were not provided legally complaint meal periods, or meal period premiums;
20

21      d.  **Sub-Class 3: "Failure to Provide Rest Breaks"**
        All current and former California residents who work or worked for Defendants
22      as a non-exempt employee, during the liability period, to be determined, and who
        were not provided legally compliant rest periods, or rest period premiums;
23

24      e.  **Sub-Class 4: "Waiting Time Class"**
        All current and former California residents who worked for Defendants as a non-
25      exempt employee, during the liability period, to be determined, who have been
        terminated or resigned, and have not been paid wages pursuant to Labor Code
26      section 203 and are owed restitution for waiting time penalties deriving from
        unpaid wages;
27

28      f.  **Sub-Class 5: "Failure to Furnish Accurate Itemized Wage Statements"**
        All current and former California residents who work or worked for Defendants

8

**CLASS ACTION COMPLAINT**

as a non-exempt employee, during the liability period, to be determined, and who were not provided pay stubs that complied with Labor Code §226; and

g. **Sub-Class 6: "UCL Class"**
All current and former California residents who work or worked for Defendants as a non-exempt employee, during the liability period, to be determined, and who suffered injury, including lost money, as a result of Defendants' unfair competition, including but not limited to their policy of willfully failing to provide proper meal and rest periods, failing to compensate for all wages earned, including overtime and double overtime wages, and failing to provide properly itemized wage statements.

43.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

44.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure §382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

a) *Numerosity*: The potential members of the Class as defined are so numerous that joinder of all members of the Class is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the liability period employed, over 50 employees in the State of California. Accounting for employee turnover during the liability period necessarily increases this number substantially. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all members of the Class. Joinder of all members of the Class is not practicable.

b) *Commonality:* There are questions of law and fact common to all members of the Class and subclasses. These common questions include, but are not limited to:

a.   Did Defendants violate Labor Code §1194 by not providing members of the Class the proper overtime compensation applicable to such Class members?

b.   Did Defendants violate Labor Code §204 by not paying members of the Class for all overtime wages earned during each pay period?

c.   Did Defendants violate Labor Code §226(a) by not furnishing members of the Class

9

**CLASS ACTION COMPLAINT**

with accurate wage statements?

  d.  Did Defendants violate Labor Code §§201 or 202 by not paying all overtime wages owed upon termination or resignation?

  e.  Are Defendants liable to members of the Class for penalty wages under Labor Code §203?

  f.  Are Defendants liable to members of the Class for penalties under Labor Code §226(e)?

  g.  Did Defendants violate the unfair competition law, Business & Professions Code §17200 et seq., by their failure to properly compensate employees for overtime hours worked?

  h.  Did Defendants violate the unfair competition law, Business & Professions Code §17200 et seq., by their failure to provide proper meal periods and rest breaks and provide premium compensation?

  i.  Are members of the Class entitled to attorneys' fees and costs?

  j.  Are members of the Class entitled to interest?

c)  *Typicality:* The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the Plaintiff Class, and the relief sought is typical of the relief which would be sought by members of the Plaintiff Class in separate actions. Plaintiff and Plaintiff Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct, in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

d)  *Adequacy of Representation:* Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsels who represent Plaintiff are competent and experienced in litigating class actions, including wage and hour class actions.

e)  *Superiority of Class Action:* A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has

10

**CLASS ACTION COMPLAINT**

1  been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or

2  practice of failing to properly compensate members of the Class for wages.

3  f)  Class action treatment will allow those similarly situated persons to litigate their claims in the

4  manner that is most efficient and economical for the parties and the judicial system. Plaintiff

5  is unaware of any difficulties that are likely to be encountered in the management of this

6  action that would preclude its maintenance as a class action.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES

#### (On Behalf of Plaintiff and Plaintiff Class)

#### (Against All Defendants)

12  45.  Plaintiff, individually, and on behalf of Plaintiff Class, hereby reallege and

13  incorporate by reference each and every one of the allegations contained in the preceding and

14  foregoing paragraphs of this Complaint as if fully set forth herein.

15  46.  Defendants have had a consistent policy and practice of failing to pay all wages due

16  under its illegal bonus policies.  At all relevant times herein, Defendants did not include bonus

17  payments in the calculation of regular, overtime, and double overtime wages.

18  47.  The bonus payments described herein were not discretionary "gifts" or "gratuities,"

19  rather a sum required to be paid for services rendered by the members of the Failure to Pay All

20  Wages Class.  Therefore, these bonus payments are deemed "wages" under California law and Labor

21  Code §200.

22  48.  Defendants' pattern, practice and uniform administration of corporate policy

23  regarding illegal employee compensation as described herein is unlawful and creates an entitlement,

24  pursuant to Labor Code §218, to recovery by Plaintiff and the members of the Failure to Pay All

25  Wages Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at

26  the appropriate rate.

27  49.  Pursuant to Labor Code §218.6 and CCP §3287, the members of the Failure to Pay

28  All Wages Class seek recovery of pre-judgment interest on all amounts recovered herein.

11

**CLASS ACTION COMPLAINT**

50.     Pursuant to Labor Code §218.5, the members of the Failure to Pay All Wages Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS OR COMPENSATION IN LIEU OF

### (On Behalf of Plaintiff and Plaintiff Class)

### (Against All Defendants)

51.     Plaintiff, individually, and on behalf of Plaintiff Class, hereby reallege and incorporate by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

52.     Labor Code §226.7(b) provides that, "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

53.     Labor Code §512 provides that, "[a]n employer may not employee an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

54.     Labor Code §516 provides that the Industrial Welfare Commission "may adopt of amend working condition orders with respect to break period, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

55.     Section 11(A) of the IWC Wage Order(s) provides that, "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written

12

1   agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement

2   shall state that the employee may, in writing, revoke the agreement at any time."

3        56.    Section 11(B) of the IWC Wage Order(s) provides that, "[i]f an employer fails to

4   provide an employee a meal period in accordance with the applicable provisions of this order, the

5   employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation

6   for each workday and that the meal period is not provided."

7        57.    On one or more occasions, Plaintiff and Plaintiff Class worked over five (5) hours per

8   shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to

9   exceeding five (5) hours of employment.

10       58.    Further, on one more occasions, Plaintiff and Plaintiff Class worked over ten (10)

11   hours per shift and therefore were entitled to a second meal period of not less than thirty (30)

12   minutes.

13       59.    Plaintiff and Plaintiff Class did not validly or legally waive their meal periods, by

14   mutual consent with Defendants or otherwise.

15       60.    Plaintiff and Plaintiff Class did not enter into any written agreement with Defendants

16   agreeing to an on-the-job paid meal period.

17       61.    As a matter od Defendants' established company policy, Defendants failed to always

18   comply with the meal period requirements established by Labor Code §§226.7, 512 and 516, and

19   Section11 of the IWC Wage Order(s) by failing to always provide Plaintiff and Plaintiff Class with a

20   first and in some cases a second legally compliant meal period.

21       62.    Pursuant to Section 11(B) of the IWC Wage Order(s) and Labor Code §226.7(c)

22   which states, "[i]f an employer fails to provide an employee a meal or rest or recovery period in

23   accordance with a state law, including, but not limited to, an applicable statute or applicable

24   regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and

25   Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay

26   the employee one additional hour of pay at the employee's regular rate of compensation for each

27   workday that the meal or rest or recovery period is not provided," Plaintiff and Plaintiff Class are

28   entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular

<center>13</center>

<center>**CLASS ACTION COMPLAINT**</center>

1  rate of compensation for each work day that the meal period was not provided, in a sum to be proven
2  at trial.

3  <center>**THIRD CAUSE OF ACTION**</center>

4  <center>**FAILURE TO PROVIDE REST BREAKS OR COMPENSATION IN LIEU OF**</center>

5  <center>**(On Behalf of Plaintiff and Plaintiff Class)**</center>

6  <center>**(Against All Defendants)**</center>

7       63.     Plaintiff, individually, and on behalf of the Plaintiff Class, hereby reallege and
8  incorporate by reference each and every one of the allegations contained in the preceding and
9  foregoing paragraphs of this Complaint as if fully set forth herein.

10      64.     Labor Code §226.7 requires employers to authorize and permit all employees to take
11  a paid ten (10) minute rest break for every four (4) work hours, or major fraction thereof.

12      65.     Labor Code §226.7(b) provides that if an employer fails to provide an employee rest
13  breaks in accordance with this section, the employer shall pay the employee one (1) hour of pay at
14  the employee's regular rate of compensation for each workday that the rest break is not provided.

15      66.     Defendants, and each of them, failed and or refused to implement a relief system by
16  which Plaintiff and Plaintiff Class could receive rest breaks and/or work free rest breaks.
17  Furthermore, due to Defendants' relief system, Plaintiff and Plaintiff Class did not receive their rest
18  breaks within the required statutory time frame.  By and through their actions, Defendants
19  intentionally and improperly denied rest periods to the Plaintiff and Plaintiff Class in violation of
20  Labor Code §§226.7 and 512.

21      67.     At all times relevant hereto, Plaintiff and Plaintiff Class have worked more than four
22  (4) hours in a workday.

23      68.     Pursuant to Section 11(B) of the IWC Wage Order(s) and Labor Code §226.7(c)
24  which states, "[i]f an employer fails to provide an employee a meal or rest or recovery period in
25  accordance with a state law, including, but not limited to, an applicable statute or applicable
26  regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and
27  Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay
28  the employee one additional hour of pay at the employee's regular rate of compensation for each

<center>14</center>
<center>**CLASS ACTION COMPLAINT**</center>

1  workday that the meal or rest or recovery period is not provided," Plaintiff and Plaintiff Class are

2  entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular

3  rate of compensation for each work day that the rest break was not provided, in a sum to be proven

4  at trial.

5  **FOURTH CAUSE OF ACTION**

6  **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

7  **(On Behalf of Plaintiff and Plaintiff Class)**

8  **(Against All Defendants)**

9  69.    Plaintiff, individually, and on behalf of the Plaintiff Class, hereby reallege and

10  incorporate by reference each and every one of the allegations contained in the preceding and

11  foregoing paragraphs of this Complaint as if fully set forth herein.

12  70.    Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or

13  at the time of each payment of wages, furnish each of his or her employees, either as a detachable

14  part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid

15  by personal check or cash, an accurate itemized statement in writing showing (1) gross wages

16  earned, (2) total hours worked by the employee…(4) all deductions…(5) net wages earned…and (9)

17  all applicable hourly rates in effect during the pay period and the corresponding number of hours

18  worked at each hourly rate by the employee…"

19  71.    Further, the IWC Wage Order(s) §7(A) states in pertinent part: "(A) Every employer

20  shall keep accurate information with respect to each employee including the following:…(3) Time

21  records showing when the employee begins and ends each work period.  Meals periods, split shift

22  intervals, and total daily hours worked shall also be records…(5) Total hours worked in the payroll

23  period and applicable rate of pay…"

24  72.    Therefore, pursuant to Labor Code §226(a) and the IWC Wage Order(s) §7(A),

25  California employers are required to maintain accurate records pertaining to the total hours worked

26  for Defendants by Plaintiff and Plaintiff Class, including but not limited to, beginning and ending of

27  each work period, meal period and split shift interval, the total daily hours worked, and the total

28  hours worked per pay period and applicable rates of pay.

73.     As a pattern and practice, in violation of Labor Code §226(a) and IWC Wage Order(s) §7A, Defendants did not and still do not furnish Plaintiff and Plaintiff Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned, and/or (5) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by each respective forecaddie.

74.     As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage Order(s) §7(A), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by Plaintiff and Plaintiff Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

75.     As of January 1, 2013, SB 1255 amended Labor Code §226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required of any one or more items listed in Labor Code §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information within reference to other documents or information.

76.     Here, Plaintiff and Plaintiff Class suffered injury because Defendants failed to provide accurate and complete information as required of one or more items listed in Labor Code §226(a)(1)-(9) and Plaintiff and Plaintiff Class could not and cannot promptly and easily ascertain requisite information without reference to other documents or information.

77.     In addition, Plaintiff and Plaintiff Class have suffered injury as a result of Defendants' failure to maintain accurate records for Plaintiff and Plaintiff Class in that Plaintiff and Plaintiff Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Order(s) §7(A), such that Plaintiff and Plaintiff Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages

16

**CLASS ACTION COMPLAINT**

1  earned and all applicable hourly rates in effect during the pay period and the corresponding number

2  of hours worked at each hourly rate.

3      78.    Pursuant to Labor Code §226(e), Plaintiff and Plaintiff Class are entitled to fifty

4  dollars ($50) per employee for the initial pay period in which a violation hereunder occurs and one

5  hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an

6  aggregate penalty of four thousand dollars ($4,000).

7      79.    Pursuant to Labor Code §226(g), the currently-employed Plaintiff and Plaintiff Class

8  are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

9      80.    Pursuant to Labor Code §226(e) and/or §226(g), Plaintiff and Plaintiff Class are also

10  entitled to an award of costs and reasonable attorneys' fees.

11  <div align="center">**FIFTH CAUSE OF ACTION**</div>

12  <div align="center">**WAITING TIME PENALTIES**</div>

13  <div align="center">**(On Behalf of Plaintiff and Plaintiff Class)**</div>

14  <div align="center">**(Against All Defendants)**</div>

15      81.    Plaintiff, individually, and on behalf of the Plaintiff Class, hereby reallege and

16  incorporate by reference each and every one of the allegations contained in the preceding and

17  foregoing paragraphs of this Complaint as if fully set forth herein.

18      82.    Labor Code §§201 and 202 require Defendants to pay their employees all wages due

19  immediately at the time of discharge, layoff, or resignation made with at least 72 hours of notice, or

20  within 72 hours of resignation made within 72 hours of notice.

21      83.    Labor Code §203 provides that if an employer willfully fails to pay compensation

22  promptly upon separation, as required by §§201 or 202, then the employer is liable for waiting time

23  penalties in the form of one day of wages for up to 30 days.

24      84.    Plaintiff and Plaintiff Class are informed, believe, and allege thereon that Defendants

25  have failed to pay all earned wages to Plaintiff and Plaintiff Class during their employment with

26  Defendants.  In addition, Plaintiff and Plaintiff Class have been discharged, laid off, resigned, retired

27  or otherwise separated from employment, but Defendants have not unconditionally paid earned

28

<div align="center">17</div>
<div align="center">**CLASS ACTION COMPLAINT**</div>

1 wages upon separation of employment within the time frame mandated by Labor Code §§201 and

2 202. Defendants' conduct in this regard has been willful.

3       85.    As a consequence of Defendants' willful failure to pay wages due to each such

4 employee following separation from employment as required by Labor Code §§201 and 202,

5 Plaintiff and Plaintiff Class whose employment ended prior to the filing of this case and continuing

6 through the date of class certification are entitled to recover from Defendants an additional sum as

7 penalty, pursuant to Labor Code §203, equal to a day's wages, for thirty (30) days, plus interest, for

8 each employee who separated from employment Defendants, in amounts according to proof at trial.

9 <div align="center">**SIXTH CAUSE OF ACTION**</div>

10 <div align="center">**VIOLATIONS OF THE UNFAIR COMPETITION LAW**</div>

11 <div align="center">**(On Behalf of Plaintiff and Plaintiff Class)**</div>

12 <div align="center">**(Against All Defendants)**</div>

13       86.    Plaintiff, individually, and on behalf of the Plaintiff Class, hereby reallege and

14 incorporate by reference each and every one of the allegations contained in the preceding and

15 foregoing paragraphs of this Complaint as if fully set forth herein.

16       87.    Business & Professions Code §17200 prohibits unfair competition in the form of any

17 unlawful, unfair, or fraudulent business act or practice.

18       88.    Business & Professions Code §17204 allows "any person acting for the interests of

19 itself, its members or the general public" to prosecute a civil action for violation of the UCL.

20       89.    Within the liability period, Defendants have improperly, fraudulently, and unlawfully

21 excluded the payment of bonus payments in its calculation of overtime wages and have thereby

22 committed unlawful, unfair and/or fraudulent business acts and practices and defined by Business &

23 Professions Code §17200, by engaging in the following conduct:

24           a.  Failing to pay Plaintiff and Plaintiff Class proper overtime compensation for all hours

25              worked over eight (8) in a day or forty (40) in a workweek, as required by Labor

26              Code §§510, 1194 *et seq.* and IWC Wage Order(s);

27           b.  Failing and refusing to provide meal periods to Plaintiff and Plaintiff Class, as

28              required by Labor Code §§226.7 and IWC Wage Order(s);

<div align="center">18</div>
<div align="center">**CLASS ACTION COMPLAINT**</div>

c. Failing and refusing to provide rest breaks to Plaintiff and Plaintiff Class, as required by Labor Code §§226.7 and IWC Wage Order(s);

d. Failing to provide accurate itemized wage statements to Plaintiff and the Plaintiff Class, as required by Labor Code §226;

e. Failing to maintain payroll records showing the actual hours worked each day by Plaintiff and Plaintiff Class, as required by Labor Code §1174 *et seq*. and IWC Wage Order(s);

f. Failing to pay, upon termination of employment all wages due to Plaintiff and Plaintiff Class, as required by Labor Code §§201, 202, and 203; and

90. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code §17200.

91. As a result of the aforementioned actions, Plaintiff and Plaintiff Class have lost and continue to lose money or property and suffered and continue to suffer injury in fact. Defendants continue to hold unpaid wages and other funds legally belonging to Plaintiff and Plaintiff Class.

92. Plaintiff and Plaintiff Class are entitled to restitution pursuant to Business & Professions Code §§17203 and 17208 for all unpaid wages, overtime pay, missed meal period compensation, and interest since at least four years prior to the filing of this Complaint.

93. Pursuant to Business & Professions Code §17203, Plaintiff and Plaintiff Class are entitled to: (a) restitution of money acquired by Defendants by means of their unfair business practices, in amounts not yet ascertained by to be ascertained at trial; (b) a declaration that Defendants' business practices are unfair within the meaning of the statute, (c) a permanent injunction to prohibit Defendants from classifying Plaintiff and Plaintiff Class as independent contractors.

94. Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code §17202.

95. By all of the foregoing alleged conduct, Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200 *et seq*.

1    96.    Plaintiff have assumed the responsibility of enforcement of the laws and lawful

2  claims specified herein.  There is a financial burden incurred in pursuing this action which is in the

3  public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil

4  Procedure §1021.5.

5                           VII.    **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff, on behalf of himself and the above-described Plaintiff Class, pray

7  for relief as follows, jointly and severally from all Defendants:

8        A.    That the Court determine that this action may be maintained as a class action under

9  Code of Civil Procedure §382, and define the class as requested herein;

10       B.    Provision of class notice to all members of Plaintiff Class;

11       C.    A declaratory judgment that Defendants' violations described above were willful;

12       D.    An equitable accounting to identify, locate, and restore to Plaintiff and Plaintiff Class,

13 the wages due;

14       E.    For an Order requiring Defendants to identify each of the member of Plaintiff Class

15 by name, home address, home telephone number and, if available, email address;

16       F.    For an Order requiring Defendants to make full restitution and payment pursuant to

17 California law;

18       G.    A permanent injunction to prohibit Defendants from classifying Plaintiff and Plaintiff

19 Class as independent contractors;

20       H.    For all other appropriate injunctive, declaratory and equitable relief;

21       I.    An award to Plaintiff and Plaintiff Class in the amount of unpaid wages, including but

22 not limited to proper overtime compensation, meal period and rest break premiums, including

23 interest thereon, subject to proof at trial;

24       J.    An award of reasonable attorneys' fees and costs, pursuant to Labor Code §§226,

25 218.5 and 1194, Code of Civil Procedure §1021.5 and/or other applicable law; and

26       K.    An award to Plaintiff and Plaintiff Class of such other and further relief as this Court

27 deems just and proper.

28 ///

1

## IX.   DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3   Dated: June 20, 2016                    **VERUM LAW GROUP, APC**

4

5                                       By: _____
                                            Yoonis Han
6                                           Sam Kim
                                            Attorneys for Plaintiff ALBERT WILCOX, and all
7                                           others similarly situated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21
**CLASS ACTION COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Yoonis Han. SBN: 256151; Sam Kim, SBN: 258467<br>Verum Law Group, APC<br>841 Apollo St, Ste 340, El Segundo, CA 90245<br>TELEPHONE NO.: 424-320-2000    FAX NO.: 424-221-5010<br>ATTORNEY FOR *(Name):* yhan@verumlg.com | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**06/20/2016** at 04:40:05 PM<br>Clerk of the Superior Court<br>By Georgina Ramirez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Wilcox v. SPS Technologies, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2016-00859043-CU-OE-CXC |
|---|---|---|---|---|
| [✔] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Kim G. Dunning<br>DEPT: CX-104 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✔] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✔] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

   a. [✔] Large number of separately represented parties
   b. [✔] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✔] Substantial amount of documentary evidence
   d. [✔] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✔] monetary  b. [✔] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [✔] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/20/2016

Sam Kim
_____
(TYPE OR PRINT NAME)              ▶              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

Ex. A - 24

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**

Ex. A - 25

1 | Yoonis Han [SBN 256151]
2 | Sam Kim [SBN 258467]
  | VERUM LAW GROUP, APC
3 | 841 Apollo Street, Suite 340
  | El Segundo, California 90245
4 | Tel:  (424) 320-2000
  | Fax: (424) 221-5010
5 | yhan@verumlg.com
  | skim@verumlg.com
6 |
7 | Attorneys for Plaintiff ALBERT WILCOX, and
  | all others similarly situated

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## FOR THE COUNTY OF ORANGE – CIVIL COMPLEX CENTER

10

| | |
|---|---|
| 11 ALBERT WILCOX, on behalf of himself and all 12 others similarly situated, | CASE NO. 30-2016-00859043-CU-OE-CXC Complex Civil |
| 13         Plaintiffs, 14     vs. | [Hon. Kim G. Dunning, Dept. CX104] **NOTICE OF STATUS CONFERENCE** |
| 15 SPS TECHNOLOGIES, LLC, a Pennsylvania limited liability company dba AIR INDUSTRIES 16 COMPANY; and, DOES 1 through 100, inclusive, 17 18         Defendants. | Date:  September 21, 2016 Time: 10:00 a.m. Dept.: CX104 |

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

**NOTICE OF STATUS CONFERENCE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

       **PLEASE TAKE NOTICE** that pursuant to the attached Minute Order, dated July 15, 2016, a status conference has been scheduled for **September 21, 2016, at 10:00 a.m.,** in Department CX104 of the above entitled court.  Plaintiff to give notice to all parties.

Dated: July 19, 2016                   **VERUM LAW GROUP, APC**

                                 By:_____
                                  Yoonis Han
                                  Sam Kim
                                  Attorneys for Plaintiff Albert Wilcox, and all others similarly situated

COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**MINUTE ORDER**

DATE: 07/15/2016                    TIME: 08:45:00 AM      DEPT: CX104

JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK: Antero Pagunsan
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Nestor Peraza

CASE NO: **30-2016-00859043-CU-OE-CXC** CASE INIT.DATE: 06/20/2016
CASE TITLE: **Wilcox vs. SPS Technologies, LLC**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 72410092
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $ 1000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within ten (10) court days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Status Conference is scheduled for 09/21/2016 at 10:00 AM in Department CX104.

Plaintiff shall, at least five (5) court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing.  DO NOT use the CMC (Case management Statement) form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

---

CASE TITLE: Wilcox vs. SPS Technologies, LLC          CASE NO.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Wilcox vs. SPS Technologies, LLC

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER:<br>30-2016-00859043-CU-OE-CXC |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 07/15/16, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on July 15, 2016, at 8:51:34 AM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

VERUM LAW GROUP, APC
SKIM@VERUMLG.COM

Clerk of the Court, by: ~~*Dagunsa H*~~ , Deputy

CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE

1   Yoonis Han [SBN 256151]
    Sam Kim [SBN 258467]
2   VERUM LAW GROUP, APC
3   841 Apollo Street, Suite 340
    El Segundo, California 90245
4   Tel: (424) 320-2000
    Fax: (424) 221-5010
5   yhan@verumlg.com
    skim@verumlg.com
6
7   Attorneys for Plaintiff ALBERT WILCOX, and
    all others similarly situated

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF ORANGE – CIVIL COMPLEX CENTER**

10

| | |
|---|---|
| 11  ALBERT WILCOX, on behalf of himself and all | CASE NO. 30-2016-00859043-CU-OE-CXC |
| 12  others similarly situated, | Complex Civil |
| 13  Plaintiffs, | [Hon. Kim G. Dunning, Dept. CX104] |
| 14  vs. | **NOTICE OF STATUS CONFERENCE** |
| 15  SPS TECHNOLOGIES, LLC, a Pennsylvania | Date:   September 21, 2016 |
| 16  limited liability company dba AIR INDUSTRIES COMPANY; and, DOES 1 through 100, | Time:  10:00 a.m. |
| 17  inclusive, | Dept.:  CX104 |
| 18  Defendants. | |

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1

**NOTICE OF STATUS CONFERENCE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to the attached Minute Order, dated July 15, 2016, a status conference has been scheduled for **September 21, 2016, at 10:00 a.m.**, in Department CX104 of the above entitled court.  Plaintiff to give notice to all parties.

Dated: July 19, 2016

                                  **VERUM LAW GROUP, APC**

                                  By: _____
                                        Yoonis Han
                                        Sam Kim
                                        Attorneys for Plaintiff Albert Wilcox, and all others similarly situated

# ~~SUPERIOR COURT OF ORANGE COUNTY,~~
# COUNTY OF ORANGE
# CIVIL COMPLEX CENTER

## MINUTE ORDER

DATE: 07/15/2016                    TIME: 08:45:00 AM        DEPT: CX104

JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK: Antero Pagunsan
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Nestor Peraza

CASE NO: **30-2016-00859043-CU-OE-CXC** CASE INIT.DATE: 06/20/2016
CASE TITLE: **Wilcox vs. SPS Technologies, LLC**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 72410092
**EVENT TYPE**: Chambers Work

---

### APPEARANCES

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

Each party who has not paid the Complex fee of $ 1000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within ten (10) court days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Status Conference is scheduled for 09/21/2016 at 10:00 AM in Department CX104.

Plaintiff shall, at least five (5) court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the CMC (Case management Statement) form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352. Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

---

CASE TITLE: Wilcox vs. SPS Technologies, LLC        CASE NO. 30-2016-00000000-00-02-0X0

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

---

DATE: 07/15/2016                  MINUTE ORDER                     Page 2
DEPT: CX104                                                  Calendar No

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

SHORT TITLE: Wilcox vs. SPS Technologies, LLC

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER: 30-2016-00859043-CU-OE-CXC |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 07/15/16, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on July 15, 2016, at 8:51:34 AM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

VERUM LAW GROUP, APC
SKIM@VERUMLG.COM

Clerk of the Court, by: _~Tagunsa H~_ , Deputy

CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE